**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL NO. 5:14-CV-138-MTT |
| VS. | : | |
| | : | |
| PATRICK HEAD, *et al.*, | : | |
| | : | 42 U.S.C. § 1983 |
| Defendants. | : | |

## <u>ORDER</u>

Plaintiff Waseem Daker, who is currently incarcerated at the Georgia State Prison in Reidsville, Georgia, has filed a "Rule 59(e) Motion to Vacate 5/16/14 Order (Doc. 5) and 5/17/14 Judgment (Doc. 6)" following the Court's dismissal of his complaint pursuant to the "three strikes provision" of 28 U.S.C. § 1915(g).  (Doc. 7.)  In his thirty-five page Motion, Plaintiff moves the Court to vacate its Orders on the following Grounds: (1) he does not have three strikes[1]; (2) the three strikes provision is unconstitutional on its face in violation of the First Amendment "Breathing Space" principle; (3) it is also unconstitutional as applied; and (4) alternatively, Plaintiff qualifies for the "imminent danger of serious physical injury" exception to 28 U.S.C. § 1915(g).

In Plaintiff's Motion to Vacate (Docs. 141, 160), wherein he seeks to alter the Court's Judgment in this case, Plaintiff cites to Federal Rules of Civil Procedure, Rule

---

[1] It should be noted that this Court, along with the United States District Court for the Northern District of Georgia and the Court of Appeals for the Eleventh Circuit, have repeatedly found that Plaintiff has "three strikes" for purposes of the Prison Litigation Reform Act (PLRA). *See e.g., Daker v. Owens,* 5:12-cv-459-CAR (M.D.Ga. Mar. 24, 2014); *Daker v. Warren,* 1:13-cv-3053-RWS (N.D.Ga. June 6, 2014); Letter dated May 29, 2014, in *Daker v. Comm'r,* No. 14-12139 (11th Cir. 2014); and Letter dated April 18, 2014, in *Daker v. Comm'r,* No. 14-11571 (11th Cir. 2014) (same).

59(e).  Rule 59(e) allows a court to alter or amend a prior Judgment.  "A Federal Rule of Civil Procedure 59(e) motion should be granted only when there is newly discovered evidence or manifest errors of law or fact in the initial ruling. Asking the district court to re-examine an unfavorable ruling is not the purpose of Rule 59(e)."  *Helton v. Ramsay*, --- F. App'x ---, 2014 WL 2071585, *2 (11th Cir. 2014) (citations omitted).  Here, Plaintiff has neither presented any new evidence, nor identified any manifest error. Rather, Plaintiff is simply seeking to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," none of which is a basis for relief in a Rule 59(e) motion. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted).   Because Plaintiff is not entitled to relief under Rule 59(e), his motion to vacate is appropriately **DENIED**.

      **SO ORDERED**, this 19th day of June, 2014.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT

lws