IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WASEEM DAKER,                          :
                                       :
              Plaintiff,               :
                                       :
       VS.                             :
                                       :       CIVIL No: 5:14-CV-138-MTT-CHW
PATRICK H. HEAD, *et al.*,             :
                                       :
              Defendants.              :
_____

## ORDER

Plaintiff Waseem Daker has filed a motion to proceed *in forma pauperis* on appeal.

For the following reasons, the Court finds that Plaintiff has a good faith basis to take this

appeal and that he is not barred by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.

§ 1915(g), from proceeding with this appeal *in forma pauperis*.  Plaintiff's motion to

proceed *in forma pauperis* on appeal (ECF No. 17) is therefore **GRANTED.**

### I.     Procedural History

Section 1915(g), often referred to as the "three strikes" provision of the PLRA,

prevents a prisoner from

> Bring[ing] a civil action . . . under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility, brought
> an action or appeal in a court of the United States that was dismissed on the
> grounds that it is frivolous, malicious, or fails to state a claim upon which
> relief may be granted, unless the prisoner is under imminent danger of
> serious physical injury.

In an Order dated May 6, 2014 (ECF No. 5), the Court determined Plaintiff had amassed

three strikes for purposes of § 1915(g), denied Plaintiff leave to file his Complaint *in forma pauperis*, and dismissed Plaintiff's Complaint without prejudice to his submitting a new complaint form and the full filing fee.   Plaintiff filed a notice of appeal of the Court's May 6, 2014 Order on July 21, 2014 (ECF No. 9), after the Court denied Plaintiff's motion to vacate that Order.   At the time he filed his notice of appeal, Plaintiff did not move in this Court to proceed on appeal *in forma pauperis*.   *See* Fed. R. App. Proc. 24(a) ("[A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court."); *see also* 28 U.S.C. § 1915(a)(3).   On August 19, 2014, the Eleventh Circuit Court of Appeals dismissed Plaintiff's appeal in Case Number 14-13257 for want of prosecution because Plaintiff never paid the filing and docketing fees to this Court.[1]

On May 4, 2016, the Eleventh Circuit issued an opinion in another of Plaintiff's appeals in which it concluded that six of Plaintiff's prior dismissals for lack of jurisdiction and want of prosecution could not be classified as § 1915(g) strikes.   *Daker v. Comm'r, Ga. Dep't Corr.*, 820 F.3d 1278, 1286 (11th Cir. 2016).   The court "express[ed] no view"

---

[1]Although Plaintiff filed a motion to proceed *in forma pauperis* on appeal in the Eleventh Circuit, that motion was returned to Plaintiff unfiled with the notation that "filing fee must be paid in order for appeal to proceed, appellant is three strikes."   Plaintiff filed several additional motions in the Eleventh Circuit, but each was returned unfiled because the case had been closed.   On November 28, 2014, Plaintiff also filed a motion for leave to proceed with his appeal on grounds that he was in "imminent danger."   The Eleventh Circuit denied this motion on April 2, 2015, and further denied Plaintiff's motion to reconsider this order on June 25, 2015.   Plaintiff also filed a petition for writ of certiorari in the United States Supreme Court; the petition was denied on May 26, 2015.   In addition, the Eleventh Circuit entered an order on February 26, 2015, in another of Plaintiff's appeals, Case No. 14-15150, staying all proceedings "in all . . . open civil appeals in [the Eleventh Circuit] in which the district court has designated Appellant a 'three striker' and he has been denied leave to proceed *in forma pauperis* on appeal on that basis."   While it does not appear the stay order would have applied to the appeal in this case, it is clear that the appeal was reinstated as noted *infra*.

on whether any other dismissals of Plaintiff's prolific *pro se* filings could qualify as strikes. *See id.* at 1281, 1286 (noting that Plaintiff is a "serial litigator" who "has submitted over a thousand *pro se* filings in over a hundred actions and appeals in at least nine different federal courts"). Based on the Eleventh Circuit's ruling in *Daker*, Plaintiff moved to reinstate the appeal in this case because the Court's May 6, 2014, Order designated Plaintiff as a "three-striker," denied his motion to proceed *in forma pauperis*, and dismissed his Complaint on those grounds. The Eleventh Circuit granted Plaintiff's motion to reinstate his appeal on August 18, 2016, but Plaintiff did not file for leave to proceed *in forma pauperis* on appeal in this Court until January 19, 2017. The issue of whether Plaintiff may proceed with his reinstated appeal *in forma pauperis* is now properly before the Court.

## II.    Analysis

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress."[2] If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal may not be taken *in forma pauperis*; in addition, the PLRA prohibits a prisoner from "appeal[ing] a judgment in a civil action or proceeding" *in forma pauperis* if he has three strikes. 28

---

[2]Federal Rule of Appellate Procedure 24 similarly requires a party seeking leave to appeal *in forma pauperis* to file a motion and affidavit that establishes the party's inability to pay fees and costs, the party's belief that he is entitled to redress, and a statement of the issues which the party intends to present on appeal. Fed. R. App. P. 24(a).

U.S.C. § 1915(a)(3), (g); *see also* Fed. R. App. P. 24(a)(3).

"Good faith" means that an issue exists on appeal that is not frivolous under an objective standard.  *See Coppedge v. United States*, 369 U.S. 438, 445 (1962).  "An issue is frivolous when it appears that 'the legal theories are indisputably meritless.'"  *Ghee v. Retailers Nat'l Bank*, 271 F. App'x 858, 859 (11th Cir. 2008) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).  The Court's May 6, 2014, Order counted as strikes various cases or appeals that the Eleventh Circuit has since concluded do not qualify as strikes for purposes of § 1915(g).  Accordingly, the Court cannot say that Plaintiff does not have a good faith basis for appealing in this case.

In addition to determining that Plaintiff has a good faith basis for appealing this case, the Court is also obligated to ensure that Plaintiff is not a three-striker for purposes of the PLRA before it grants a motion to permit Plaintiff to appeal *in forma pauperis*.  *See* 28 U.S.C. § 1915(g) ("[i]n **no event** shall a prisoner . . . appeal a judgment in a civil action or proceeding" *in forma pauperis* if he has accumulated three strikes (emphasis added)).  After reviewing PACER records, the Court cannot determine with absolute certainty that Plaintiff is a "three-striker" for purposes of § 1915(g) without considering the cases relied upon in the Court's May 6, 2014, Order.

As noted above, Plaintiff filed his notice of appeal in this case on July 21, 2014, but he did not signify his intent to proceed under § 1915 by moving in this Court to proceed with that appeal *in forma pauperis* until January 19, 2017, nearly five months *after* the Eleventh Circuit granted his motion to reinstate his appeal.  In the interim, Plaintiff filed dozens of additional cases or appeals, and he also accrued additional strikes as courts

4

dismissed various of his filings as frivolous, malicious, or for failure to state a claim.

It generally appears that a prisoner's three-strikes status must be determined at the time the prisoner files his or her notice of appeal. *Cf. Dollar v. Coweta Cnty. Sheriff Office*, 510 F. App'x 897, 900 (11th Cir. 2013) (per curiam) ("Our published decisions have consistently looked at *the time of filing* when considering whether § 1915(g) prevents a prisoner from proceeding *in forma pauperis*."); *cf. also Williams v. Paramo*, 775 F.3d 1182, 1187, 1192-93 (9th Cir. 2015) (holding that "a court of appeals may require a three-strike prisoner seeking *forma pauperis* status to show an imminent danger at the time the notice of appeal is filed" and noting that the three other circuit courts have reached similar conclusions); *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam) (holding that three-strikes litigant must allege imminent danger existed at the time he "seeks to file his complaint or notice of appeal IFP" because § 1915(g) "clearly refers to the time when the action or appeal is filed or the motion for IFP status is made"); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (quoting *Banos* for the proposition that the use of the present tense in § 1915(g) "clearly refers to the time when the action or appeal is filed or the motion for IFP status is made").

Therefore, even though Plaintiff accrued more than three strikes before he filed his IFP motion in the above-captioned case,[3] the Court finds those strikes cannot be counted

---

[3]*See* Order Dismissing Appeal, *Daker v. Warden*, Case No. 15-13148 (11th Cir. May 26, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Commissioner*, Case No. 15-11266 (11th Cir. Oct. 7, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Ferrero*, Case No. 15-13176 (11th Cir. Nov. 3, 2016) (three-judge panel dismissing appeal as frivolous); Order Dismissing Appeal, *Daker v. Governor*, Case No. 15-13179 (11th Cir. Dec. 19,

for purposes of determining whether Plaintiff was a three-striker on the date he "appeal[ed] a judgment" in this case. *See* 28 U.S.C. § 1915(g). After eliminating those strikes from consideration, it appears Plaintiff accrued only two strikes prior to filing his notice of appeal in this case. *See Daker v. Mokwa,* Order Denying Leave to Proceed IFP, ECF No. 2 in Case No. 2:14-cv-00395-UA-MRW (C.D. Cal. Feb. 4, 2014) (denying leave to proceed *in forma pauperis* and dismissing case after conducting screening under 28 U.S.C. § 1915(e)(2)(B) and finding claims were frivolous and failed to state a claim upon which relief may be granted); *Daker v. Warren*, Order Dismissing Appeal, Case No. 13-11630 (11th Cir. Mar. 4, 2014) (three-judge panel dismissal of appeal on grounds that appeal was frivolous). Plaintiff is therefore not barred by the "three-strikes" rule from appealing this case *in forma pauperis.*

### III.     Conclusion

Based on the foregoing, the Court must conclude that Plaintiff has a good faith basis for appealing this case and that the PLRA does not prohibit him from appealing *in forma pauperis.* The Court accordingly **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 17). In accordance with the PLRA, the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $505.00 appellate filing fee has been paid in full.

2016) (three-judge panel dismissing appeal as frivolous).

Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $505.00 has been collected, notwithstanding the results of this case.   The Clerk of Court is **DIRECTED** to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

SO ORDERED this 28th day of March, 2017.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT