IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WASEEM DAKER, | : | |
| Plaintiff, | : | |
| VS. | : | CASE NO.: 5:14-CV-138-MTT-CHW |
| PATRICK H. HEAD, *et al.*, | : | |
| Defendants. | : | |

## ORDER

Presently pending before the Court is *pro se* Plaintiff Waseem Daker's motion to vacate the Court's July 25, 2019 Order which, among other things, dismissed Plaintiff's case with prejudice. For the following reasons, Plaintiff's motion (ECF No. 52) is **DENIED.**

## ANALYSIS

### I. Standard of Review

Plaintiff has filed his motion pursuant to Federal Rule of Civil Procedure 59(e). As Plaintiff has previously been advised, "'motions for reconsideration are disfavored'" and "'relief under Rule 59(e) is an extraordinary remedy to be employed sparingly.'" *Mercer v. Perdue Farms, Inc.*, No. 5:10-cv-324 (CAR), 2012 WL 1414321, at *1 (M.D. Ga. Apr. 20, 2012) (quoting *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010)); *see also Daker v. Dozier*, No. 5:17-cv-25 (CAR), 2017 WL 4797522 at *1 (M.D. Ga. Oct. 24, 2017) (holding same). Furthermore, Rule 59(e) "cannot serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Daker*, 2017 WL 4797522, at *1 (internal quotation marks omitted)

(alterations in original). The Court recognizes only three circumstances that warrant reconsideration of a prior order under Rule 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Daker v. Humphrey*, Civil Action No. 5:12-CV-461 (CAR), 2013 WL 1296501, at *2 n.1 (M.D. Ga. Mar. 27, 2013) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)).

## II. Plaintiff's Motion

Plaintiff contends that the Court erred when it adopted the recommendation of the Magistrate Judge to deny Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's Complaint because Plaintiff made untrue allegations of poverty therein. Plaintiff has not identified any intervening change in the law or new evidence that affects his claims. The Court thus presumes that Plaintiff's Rule 59(e) motion for reconsideration is based on his belief that there is a need for the Court to correct clear errors or manifest injustice in this case.

Preliminarily, the Court notes that—as is so often true for Plaintiff—the first 41 pages of Plaintiff's Rule 59(e) motion have been copied, verbatim, from Plaintiff's Objections in this case. Pages 42 and 43 of Plaintiff's motion also appear to have been copied and pasted from another of Plaintiff's cases.[1]

---

[1] On these pages, Plaintiff contends that his Complaint was dismissed "based on denial of indecency [sic] status, *sua sponte*" without the required notice and opportunity to respond, and he refers to ECF No. 14. Mot. Recons. 42, ECF No. 52. Plaintiff also explicitly acknowledges that "[a] magistrate's R&R provides such notice and opportunity to respond" but states that the Court dismissed for "different reasons than those stated in the R&R." *Id.* Of course, the Court actually adopted the recommendation of the Magistrate Judge to dismiss this case, Plaintiff fails to identify any "different reasons" to which he had insufficient opportunity to object, Plaintiff was able to file lengthy objections, and the document dismissing Plaintiff's case is filed at ECF No. 47, not ECF No. 14.

2

Plaintiff's repeated recycling of arguments that have already been thoroughly considered and rejected is likely sanctionable conduct pursuant to Federal Rule of Civil Procedure 11. Asking the Court to consider the exact same document twice seems to have no other purpose other than to "harass" and "cause unnecessary delay." Fed. R. Civ. P. 11(b)(1). Despite its continuing concerns about Plaintiff's methods of litigation, however, the Court has again reviewed the entirety of Plaintiff's motion but finds nothing in the first 43 pages requiring additional discussion or demonstrating a need for the Court to correct clear errors or manifest injustice in this case.[2]

While the last few pages of Plaintiff's motion at least refer directly to this Court's order adopting the recommendation of dismissal in this case, they also fail to demonstrate that reconsideration is warranted. For the most part, Plaintiff has only slightly restated arguments already made in his Objections or "stands by" his prior assertions. *Compare* Objs. 33-34, 38-39, ECF No. 41 *with* Mot. Recons. 44-45, ECF No. 52. The Court finds that those arguments continue to be unpersuasive, and they fail to show that reconsideration is necessary to avoid a manifest injustice or to correct a clear error.

Plaintiff appears to make one new argument: that he did not "receive" any money when his annuity contract was reinstated. *See* Mot. Recons. 44, ECF No. 52; *see also* Mot. Proceed IFP 1, Mar. 5, 2019, ECF No. 35 (requiring Plaintiff to disclose "<u>any</u> money" received from "[a]ny . . . sources" in the past twelve months). Plaintiff argues that because the funds in his annuity contract "were already his," he did not "receive" them when his contract was reinstated on March 22, 2018. Mot. Recons. 44, ECF No. 52. The Court finds that Plaintiff's strained

---

[2] However, the Court will act on its concerns if Plaintiff persists in his tactics. Given Plaintiff's litigiousness, he is no doubt aware of his Rule 11 obligations, but the Court attaches a copy of Rule 11, nonetheless. Plaintiff is advised that he will be sanctioned should he violate Rule 11.

efforts to define the term "received" in this manner are unavailing. Plaintiff has provided no convincing basis for the Court to reconsider its previous determination that Plaintiff intentionally omitted mention of the annuity contract and the proceeds derived therefrom. *See* Order 3-4, July 25, 2019, ECF No. 47.

### III. Conclusion

In sum, Plaintiff has failed to establish a valid basis for reconsideration of the Court's Order dismissing Plaintiff's Complaint with prejudice. Plaintiff's Rule 59(e) motion (ECF No. 52) is therefore **DENIED.** Plaintiff is reminded that the Court's local rules prohibit the filing of motions to reconsider the Court's denial of a previous motion for reconsideration. M.D. Ga. Local R. 7.6.

**SO ORDERED**, this 5th day of November, 2019.

                                         S/ Marc T. Treadwell
                                         MARC T. TREADWELL
                                         UNITED STATES DISTRICT JUDGE